THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNELL LINTON,<br><br>              Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK,<br><br>              Defendant. | Case No. 3:18-cv-05564-RJB<br><br>**DEFENDANT NATIONAL RAILROAD CORPORATION'S MOTION TO LIMIT SCOPE OF DR. MONTEITH'S TESTIMONY** |

Yesterday evening, Plaintiff informed Defendant that it planned to call Plaintiff's treating neurologist, Dr. Stephen Monteith as a witness today. Based on the exhibits Plaintiff's counsel indicated they intend to use with Dr. Monteith, it is clear Plaintiff intends to elicit untimely disclosed opinions that are both outside the limited scope of Dr. Monteith's treatment of Mr. Linton and untimely. This new and unexpected position from Plaintiff unfortunately necessitates filing this brief.

### 1. Dr. Monteith Was Never Disclosed as a Fed. R. Civ. P. 26(a)(1) Expert

Plaintiff has disclosed Dr. Monteith as a treating medical provider only. A treating provider is generally regarded as a percipient witness with knowledge of the diagnosis and treatment in which he or she participated and, in such instances, the treating provider's testimony should be limited to opinions that were determined *at the time of treatment*. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (italics

MOTION TO LIMIT SCOPE OF MONTEITH
TESTIMONY - 1
NO. 18-CV-05564-RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0413/7955746.1

added). In *Goodman*, the Ninth Circuit held that when a treating physician offers an opinion based on review of additional materials that he or she did not review during the course of treatment, he or she "morphs" into an expert witness and must submit an expert witness report as required under Fed R. Civ. P. 26(a)(2)(B). *Id.*, at 819-20, 826. The burden is on the plaintiff to show that a treating provider developed his or her opinion as part of the course of treatment, rather than for purposes of litigation. *Peeler v. Boeing Co.*, C14-0552RSI, 2015 WL 1381120 at *1 (W.D. Wash. Oct. 1, 2015). Plaintiff cannot do so.

In *Strauss v. United States*, No. 12-cv-0491-DHB, 2014 WL 12561127 (Oct. 31, 2014), the plaintiff identified an orthopedic physician as an expert and produced numerous treatment notes that were made in the course of treatment. *Id.* at *2. The defendant moved *in limine* to preclude the orthopedic physician from offering any expert testimony because the plaintiff did not meet the Rule 26 expert disclosure requirements. The court reviewed the treatment notes and determined that they were "void of any opinions outside the course of treatment. Therefore, the Court finds Plaintiff failed to properly and timely provide an adequate expert disclosure […] prior to the expert disclosure deadline." *Id.* The court then granted defendant's motion *in limine* to preclude the orthopedic physician from testifying as an expert. *Id.* Without the required disclosure under Fed. R. Civ. P. 26, a treating physician may only testify as a fact witness regarding patient treatment. This is because treating physicians are "not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

Here, Dr. Monteith appears set to opine on Plaintiff's life care plan, ability to return to work, level and permanence of cognitive impairments, and life expectancy, all of which are outside of Dr. Monteith's specific and narrow scope of treatment. *See* Yates Decl. Ex. A at ¶¶ 12-17, 19. However, the scant 6 pages of treatment records Plaintiff apparently intends to offer are devoid of support for such opinions. *See* Yates Decl. Ex. B (Plaintiff's Trial Exhibit

MOTION TO LIMIT SCOPE OF MONTEITH
TESTIMONY - 2
NO. 18-CV-05564-RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0413/7955746.1

122).

Moreover, it appears that Plaintiff intends to ask Dr. Monteith about a demonstrative PowerPoint that includes imaging studies that have been loaded into a software program called "OSIRIX" used to view and reconstruct medical imaging studies. The demonstrative PowerPoint was made by Dr. Olson. Yates Decl. Ex. C (J. Olson Depo. at pg. 87:6 to 90:25). A treating physician cannot render opinions based on materials created by a litigation expert.

### 2. Even if Dr. Monteith Could Offer Opinions Beyond His Chart, Those Opinions Were Not Timely Disclosed

Plaintiff's expert disclosures were due on September 30, 2019. Dkt. 32 at 2. Defendant did not disclose any experts so the rebuttal deadline of October 30, 2019 is inapplicable. *See id.* Discovery closed on December 9, 2019. *Id.* On December 10, 2019, Plaintiff disclosed for the first time a declaration that counsel had procured from Dr. Monteith on November 27, 2019. Yates Decl., Ex. A. ¶ 2. By his own admission, Mr. Linton was referred to Dr. Monteith for evaluation of Mr. Linton's left carotid artery dissection, not his traumatic brain injury. *Id.* at ¶ 3. Defendant moved in limine to exclude untimely or otherwise inadmissible treating doctor declarations and the Court has already ruled they are inadmissible. Yates Decl. Ex. B (1/13/20 Pretrial Conference at pg. 13, l. 14 to 18, l. 4). The same analysis applies to Dr. Monteith's declaration itself and improper opinions therein.

DATED this 4th day of February, 2020.

| LANE POWELL PC | LANDMAN CORSI BALLAINE & FORD, PC |
|---|---|
| By *s/ Tim D. Wackerbarth* <br> Tim D. Wackerbarth, WSBA No. 13673 <br> wackerbartht@lanepowel.com <br> Andrew G. Yates, WSBA No. 34239 <br> yatesa@lanepowell.com <br> Warren E. Babb, Jr., WSBA No. 13410 <br> babbw@lanepowell.com <br> Bryan C. Taylor, WSBA No. 55642 <br> taylorb@lanepowell.com <br><br> *Attorneys for Defendant National Railroad Passenger Corporation* | By *s/ Mark S. Landman* <br> Mark S. Landman, *Pro Hac Vice* <br> mlandman@lcbf.com <br> John A. Bonventre, *Pro Hac Vice* <br> jbonventre@lcbf.com <br><br> *Attorneys for Defendant National Railroad Passenger Corporation* |

MOTION TO LIMIT SCOPE OF MONTEITH
TESTIMONY - 3
NO. 18-CV-05564-RJB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0413/7955746.1

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States and the State of Washington that on the 4th day of February, 2020, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Robert N. Gellatly
David M. Beninger
Andrew Hoyal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA 98104-7016
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

☒ by CM/ECF
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED this 4th day of February, 2020.

*s/Heather M. Feenan*
Heather M. Feenan

PROPOSED ORDER GRANTING DEFENDANT'S
MOTION TO_____ - 4
NO. 18-CV-05564-RJB

019188.0403/7817023.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107